UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **FREDDIE JORDAN** | : | |
| | : | **Case No.  2:10-cv-1038** |
| **Plaintiff,** | : | **Judge Smith** |
| | : | **Magistrate Judge Deavers** |
| v. | : | |
| **CAROLE ANDERSON**<br>The Ohio State University College of Dentistry<br>305 W. 12th Avenue<br>Columbus, OH 43210 | : | |
| | : | |
| and | : | **FIRST AMENDED COMPLAINT** |
| **CHERYL DEVORE**<br>The Ohio State University College of Dentistry<br>305 W. 12th Avenue<br>Columbus, OH 43210 | : | |
| | : | |
| **Defendants.** | : | |
| | : | |
| | : | |
| | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| | : | |
| | : | |
| | : | |
| | : | |

## NATURE OF CLAIMS

Now Comes Plaintiff Dr. Freddie Jordan ("Dr. Jordan"), by and through the undersigned counsel, and for her Complaint states as follows:

1. This action is brought because of the unlawful and discriminatory conduct and employment practices of Defendant Ohio State University (hereinafter "OSU"). The action arises out of the discriminatory and wrongful termination of Plaintiff Dr. Jordan based on her race.

2. Plaintiff Dr. Jordan alleges, inter alia, that she was terminated upon her race, and retaliated against for complaining about discrimination against racial minorities.

## JURISDICTION AND VENUE

3. This action is instituted and authorized by 42 U.S.C. § 1981 and 1983.

4. Venue is proper in this Court as all the acts complained of herein occurred in the State of Ohio, within the jurisdiction of this Court.

## PARTIES

Plaintiff

8. Plaintiff Dr. Jordan, who is an African-American female, was employed by The Ohio State University College of Dentistry (hereinafter the "Dental College") from 1988 through her termination in 2007, as Director of Student Affairs and as a faculty member.  At the time of termination, she was the only African-American in the College of Dentistry's Administration Office and is one of the only African-American women who hold a Ph.D. in neurological dental science.

Defendants

9.  Dr. Carole Anderson, Dean of Ohio State University College of Dentistry and supervisor of Plaintiff is being sued in her personal and individual capacity.

10. Cheryl Devore, supervisor of Plaintiff at all relevant times is being sued in her individual and personal capacity.

## FACTS

11. Plaintiff Dr. Jordan, an African-American female in her late 50's, was an exemplary employee. She was employed at the Dental College for almost 19 years serving as a faculty member and as Director of Student Affairs. Since her termination, Plaintiff Dr. Jordan has been reduced to substitute teaching, on a part-time basis, for adolescents and has not obtained any university or research position despite her doctoral education.

12. As stated in detail below, due to discrimination and unlawful preferences given to Caucasian faculty, Plaintiff was effectively forced out of a faculty track and placed on an administrative track, despite being the only African-American women with a Ph.D. in neurological dental science.

12. After having been forced off the faculty track, and coerced into taking an administrative position, Plaintiff Dr. Jordan was ultimately terminated on August 31, 2007 as Director of Student Affairs, a position that frequently involves student life issues and advocacy on behalf of students.

13. The unlawfully motivated reason for her termination relates directly to one of her job functions, student advocacy.

14. Plaintiff Dr. Jordan was purportedly terminated due to undefined communication issues and poor job performance. However, these reasons were a pretext for unlawful discrimination based on race.

15. Plaintiff Jordan was subjected to a double standard, unfairly reprimanded, criticized and singled out for unlawful treatment because of

her race and advocacy on behalf of minority staff, students and prospective students.

16. Plaintiff Dr. Jordan challenged senior administrators about racial misconduct by colleagues and subordinates against her, which included use of racially derogatory words and faculty members issuing emails referring to the KKK. Defendants personally affirmed and supported the unlawful racial conduct.

17. Plaintiff Dr. Jordan reported and complained to senior administrators that her secretary, who was Caucasian, lacked the skills to assist the Director of Student Affairs and that the secretary was very rude and ill-mannered toward Plaintiff Dr. Jordan.

18. In one instance, Plaintiff Dr. Jordan's secretary snatched a document from her hand and flung it into her face. No disciplinary action was taken against the secretary.

19. In addition, as the only African-American in the College's administration office, Dr. Jordan was barred from attending executive and admissions committees meetings despite the fact that, as director, she was entitled to attend and needed to do so in order to adequately perform her job based on her race.

20. Moreover, the College's other administrators, who were Caucasian, were allowed to attend executive committee meetings and Plaintiff Dr. Jordan's predecessor, a white male, regularly attended the executive committee members in order to adequately perform his job.

21. Plaintiff Dr. Jordan also advocated for minority students and complained about the low number of minority students and the College's failure to adequately recruit and graduate minority students.

22. Plaintiff Dr. Jordan also complained to Defendants about mistreatment of minority students and staff.

23. As a result of her advocacy, along with other unlawfully discriminatory reasons, Plaintiff Dr. Jordan was fired.

24. The Dental College's termination was a pretext for unlawful discrimination.

25. Plaintiff Dr. Jordan consistently received good to excellent performance evaluations during her tenure as Director of Student Affairs.

26. Plaintiff Dr. Jordan was well liked by students and performed her job requirements successfully.

27. She did receive a few negative reports from students, but as the College's designated person was charged with enforcing rules and regulations, and consequently such negative reports were expected and not significant enough to warrant termination.

29. Plaintiff Dr. Jordan's last job performance evaluation immediately prior to her termination contains numerous glowing and positive statements about her job performance.

30. That evaluation, the 2006 College of Dentistry Performance Planning and Review Document, provides in pertinent part:

Quality of Service category:

I do highly commend Dr. Jordan for her ability to assist students in crisis situations. She excels in this area and others have acknowledged her skill in this area. She is willing to step in anytime there is an urgent matter to be addressed with a student . . . Dr. Jordan's skill in this area has been and continues to be extremely valuable to the Office of Academic Affairs.

It is important to note that Dr. Jordan does frequently receive thank yous from students who do appreciate her help and guidance.

Supervisor's Comments:

Dr. Jordan is to be commended for upholding the policies of the College even in the most difficult situations. I know that I can count on her to enforce the College rules and policies.

Supervisor's Comments:

One of the important aspects of her job is for Dr. Jordan to be available to students on an as needed basis since she is the front line person in our office for student counseling.  I recognize that at times the demand for this may be very great, and it can be relatively exhausting.  I believe that Dr. Jordan does make herself available and has worked with her support staff in this regard.  Dr. Jordan does continue to work with the Student Government and the Student Leaders and keeps apprised of the students' activities.

Dr. Jordan has a good working relationship in general with the staff and faculty of the College.  I have noted an increased effort on her part to engage the other staff in our OAA office and to work even better as a team.

Dr. Jordan coordinates several significant programs for our predoctoral students which require that she work effectively with others in the College and some of the examples of these are: the Dent I Orientation, Development Seminars . . .

Supervisor's Comments:

I believe that Dr. Jordan works well in our office as part of our team.  I enjoy working with her very much and appreciate her professionalism and collegiality.

      31.    Despite a satisfactory performance evaluation prior to her termination, Plaintiff Dr. Jordan was fired.

      32.    Prior to serving as Director of Student Affairs, Plaintiff Dr. Jordan, one of a few African-American's to hold a Ph.D. in the Dental Sciences, was unfairly and discriminatorily removed from faculty and teaching positions without notice.

      33.    Although Plaintiff Dr. Jordan desired to continue teaching and performing research, she was denied these opportunities and forced to work in an administrative position as Director of Student Affairs.

      34.    Plaintiff Dr. Jordan was induced to accept the Student Affairs Director position with the promise that she would be allowed to continue teaching and conducting scholarly research.  These promises were not kept and Plaintiff Dr. Jordan was forced to work only in an administrative position.

35. The College forced Plaintiff Dr. Jordan to turn over research funding received by her to a white male professor at the College.

36. As direct and proximate result of Defendants' discriminatory acts and conduct, Plaintiff Dr. Jordan has suffered loss of income and benefits and impairment of earning capacity, emotional distress, anxiety, anguish, humiliation, and other incidental and consequential damages and expenses, and loss of retirement opportunities under Ohio's PERS system, all to Plaintiff's damages in an amount according to proof.

## Claim For Relief
## Race Discrimination and Retaliation In Violation of 42 U.S.C. § 1983 and 1981 against Defendants

37. Plaintiff hereby realleges and incorporates by reference as if fully set forth herein, the allegations of paragraphs 1 through 36 above.

38. At all times mentioned herein, Plaintiff was and is a person protected against discrimination in the employment setting on the basis of race in that she is a member of a protected and recognized minority group, African-American.

39. Defendants intentionally discriminated against Plaintiff.

40. Defendants discrimination against her extends to her faculty and administrative job tenures.

41. Defendants terminated Plaintiff on woefully deficient grounds and despite good to excellent job performances.

42. As a faculty member and administrative staff person, Plaintiff's employment was governed by contract and regulations pertaining to the appointment and termination of faculty and senior administrative staff.

43. As a direct and proximate result of Defendant racial discrimination, Defendants breached the terms and conditions of these employments and caused her suffer loss of income, benefits and impairment of earning capacity, emotional distress, anxiety, damage to her professional

and academic reputation and standing, and other incidental and consequential damages and expenses.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court:

A.  Award back pay, front pay and any benefits Plaintiff would have received had Defendant OSU not discriminated and retaliated against them on the basis of her race and sex;

B.  Award Plaintiff liquidated and consequential damages for economic loss they have suffered as a proximate result of Defendant OSU's conduct, including but limited to, Plaintiff's early withdrawal of retirement funds, fines and related tax liability;

C.  Award Plaintiff compensation for past and future pecuniary losses resulting from Defendant OSU's unlawful employment practices, including compensatory and punitive damages for humiliation, damage to reputation, mental and emotional distress and pain and suffering that they have experienced and endured as a result of Defendant OSU's conduct;

D.  Award Plaintiff pre and post judgment interest on all sums awarded;

E.  Award Plaintiff the costs incurred in this action and reasonable attorneys' fees; and

F.  Grant such other legal and equitable relief as is necessary and proper.

## **JURY DEMAND**

Plaintiff requests a jury to hear and decide all issues of fact.

Respectfully submitted,
s/William W. Patmon III
(0062204)
Patmon LLC
Attorneys and Counselors at Law
4100 Regent Street, Suite U
Columbus, Ohio 43219
(614) 470-9860 (Phone)
(614) 470-9930 (Facsimile)
wpatmon@patmonlaw.com
Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

The undersigned certifies that a true copy of the foregoing Complaint was served by regular U.S. mail on this 11th day of February 2011 on the following:

Kimberly C. Shumate
Associate General Counsel
The Ohio State University
Office of Legal Affairs
1590 North High Street
Suite 500
Columbus OH 43201-2178

S/William W. Patmon III
William W. Patmon, III (0062204)